IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Franklin Hewitt, Shawn Collier, Michael B. Miller, Mikkel Steffensen, Cedrick Wilson, Cecil Johnson, George Reep, and Sargent Driscoll, | ) ) ) ) ) | Civil Action No.: 2:00-03207-RBH |
| Plaintiffs, | ) ) | |
| vs. | ) | **O R D E R** |
| William D. Catoe, | ) ) ) | |
| Defendant. | ) ) | |

Plaintiffs, proceeding pro se, filed this action in state court. The defendant removed the case to this Court on October 10, 2000. The case was originally assigned to United States District Judge Matthew J. Perry. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Robert S. Carr, for pretrial handling.

On April 10, 2006, the case was reassigned from Judge Perry to the undersigned. The notice of case reassignment was mailed by the Clerk to the plaintiffs at their addresses of record. The mail was returned to the Clerk as undeliverable in April of 2006, with notations that plaintiffs Hewitt, Johnson, Reep, Steffensen, Wilson, and Driscoll had been released. On June 29, 2006, this Court entered an Order staying the case pending a decision of the South Carolina Supreme Court on a case concerning related issues. On April 12, 2007, this Court entered an Order lifting the stay, and the mail was returned in April of 2007 as undeliverable. The plaintiffs have failed to notify the Clerk of an address change since 2004.

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d

93 (4th Cir. 1989), *cert. denied,* 493 U.S. 1084 (1990) and *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1)   the degree of plaintiff's responsibility in failing to respond;

(2)   the amount of prejudice to the defendant;

(3)   the history of the plaintiff in proceeding in a dilatory manner; and,

(4)   the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69 (4th Cir. 1978).

In the present case, the plaintiffs are proceeding pro se, so they are entirely responsible for their actions or inactions in failing to keep the Court informed of their current address. Further, the notice of case reassignment dated in 2006 and the Order of this Court dated April 12, 2007 were both returned to the Clerk of Court's office via United States Postal Service as undeliverable. The undersigned concludes the plaintiffs have abandoned this lawsuit. No other reasonable sanctions are available. Accordingly, this action is dismissed pursuant to Fed. R. Civ. Proc. 41(b).

In addition, the Court notes that the United States Court of Appeals for the Fourth Circuit has upheld dismissals of cases where pro se litigants have not kept a Clerk's Office and opposing counsel informed of a change of address.  *See*, *e.g.*, *Woltz v. Chater*, 74 F.3d 1235, 1996 WESTLAW® 23314 (4th Cir., January 23, 1996); and *cf. In Re Hebron*, 64 F.3d 657, 1995 WESTLAW® 501350 (4th Cir., August 25, 1995)(mandamus relief denied where *pro se* litigant failed to notify district court of his change of address).

Since the plaintiffs have apparently been released or were transferred to another facility in 2004, but have not notified the court of their changes of address, the above-captioned case is dismissed

pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

                                                     s/R. Bryan Harwell
                                                     R. Bryan Harwell
                                                     United States District Judge

May 23, 2007
Florence, SC